```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| IRA L. BUNION,<br><br>      Plaintiff,<br><br>-against-<br><br>PIERRE THOMAS; KEVIN LEE,<br><br>      Defendants. | 21-CV-6028 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at the Suwannee Correctional Facility, in Live Oak, Florida, brings this *pro se* action asserting state law claims. For the purposes of this order, the Court construes the complaint as invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Named as Defendants are Pierre Thomas and Kevin Lee, the CEO and COO of Quality Control Music Record Label, respectively, which is located in Atlanta, Georgia. For the following reasons, this action is transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

  Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

  Plaintiff filed this complaint alleging that Defendants failed to (1) return Plaintiff's original book manuscript, (2) pay Plaintiff $10,000 for the manuscript, and (3) obtain his consent

to publish the manuscript. Plaintiff alleges that these events occurred at his place of incarceration, but the facts suggest that Defendants' alleged conduct occurred in Atlanta, Georgia, the location of Defendants' business.[1]

Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue is not proper in this District under § 1391(b)(1) or (2). Rather, venue is proper under both § 1391(b)(1) and (2) in the Northern District of Georgia, where Defendants likely reside and the events giving rise to the claims occurred. The Court therefore transfers the action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[1] Plaintiff does not state in the complaint where Defendants reside.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 16, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                     Chief United States District Judge